**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 1841, Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF DEFENSE; Caspar W. Weinberger, Secretary of Defense; James H. Webb, Secretary of the Navy; Richard J. Toft, Captain, United States Navy; and W.R. Alcorn, Captain, United States Navy, Defendants.**

**No. CV–N–87–513–ECR.**

United States District Court, D. Nevada.

March 30, 1988.

Michael E. Langton, Reno, Nev., for plaintiff.

William A. Maddox, U.S. Atty. by Shirley Smith, Asst. U.S. Atty., Reno, Nev., for defendants.

ORDER

EDWARD C. REED, JR., Chief Judge.

This case was initiated by the American Federation of Government Employees, Local 1841, on October 27, 1987. The defendants are the Department of Defense, the

Secretary of Defense, the Secretary of the Navy, and two Navy captains. *See* Complaint (docket # 1).

Plaintiff contests the procedures by which certain functions of the Naval Air Station in Fallon, Nevada, were contracted out to a private contractor, Morrison–Knudsen Service, Inc. Specifically, the complaint alleged violations of Office of Management and Budget Circular A–76; Department of the Navy Regulation OP-NAVINST 4860.7B; Federal Acquisition Regulations, 48 C.F.R. chapter 1; section 502 of Pub.L. No. 96–342, 94 Stat. 1077, 1086–87 (1980); and the Civil Service Reform Act of 1978; 5 U.S.C. § 7117. Plaintiff's Second Claim for Relief, which included the alleged violation of 5 U.S.C. § 7117 has been voluntarily dismissed by plaintiff. *See* Plaintiff's Opposition to Defendant's Motion to Dismiss (docket # 8a), page 2, lines 13–16, and Minutes of the Court, November 12, 1987 (docket # 12).

On October 29, 1987, plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction (docket # 2). On November 2, 1987, the Court (Judge Howard D. McKibben) denied plaintiff's application for a temporary restraining order (docket # 6). The Court held hearings on November 12 and 13, 1987, on plaintiff's motion for a preliminary injunction (docket # 12 and # 14). That motion was denied (docket # 14). Morrison–Knudsen Service, Inc., began performance under the disputed contract on November 15, 1987.

In the meantime, on November 2, 1987, defendants filed a Motion to Dismiss (docket # 5). Plaintiff filed an opposition to that motion on November 9, 1987 (docket # 8a). On November 12, 1987, defendants filed Supplemental Points and Authorities in Support of Motion to Dismiss (docket # 9); that filing is treated as a reply.

On November 16, 1987, defendants filed a second Motion to Dismiss (docket # 13). That motion was opposed by plaintiff on December 3, 1987 (docket # 15). No reply in support of the second motion to dismiss was filed by defendants.

The two motions to dismiss are before the Court.

The Motion to Dismiss filed by defendants on November 2, 1987 (docket # 5) is based on the following grounds: lack of jurisdiction, failure to exhaust remedies provided in a collective bargaining agreement, lack of standing on the part of the union, and failure to join an indispensable party.

The defendants' jurisdiction argument is in two parts. First, defendants argue that exclusive jurisdiction over this case lies with the Federal Labor Relations Authority. Second, defendants argue that, even if jurisdiction over this case was not before the Federal Labor Relations Authority, this case would not be maintainable in federal district court because the matters addressed are committed to agency discretion by law.

■ The Federal Labor Relations Authority possesses exclusive jurisdiction over federal sector labor relations matters. *Columbia Power Trades Council v. United States Dep't of Energy*, 671 F.2d 325 (1982); *National Fed'n of Fed. Employees, Local 1263 v. Commandant, Defense Language Inst.*, 493 F.Supp. 675 (N.D.Cal. 1980). The case at hand, however, does not involve labor relations matters; it involves federal contracting procedures. To the extent that plaintiff once premised its action on rights guaranteed by the Civil Service Reform Act (specifically 5 U.S.C. § 7117), the complaint has been voluntarily dismissed. Because this case does not raise questions of labor relations, this Court's jurisdiction is not affected by the exclusive grant of jurisdiction to the Federal Labor Relations Authority under the Civil Service Reform Act.

■ Plaintiff seeks review of federal agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. 5 U.S.C. § 701 provides that chapter 7 (Judicial Review) of title 5 applies "except to the extent that (1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 704 provides in part that "[a]gency action made reviewable by statute and final agency action for which there is no

other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 706 provides, in relevant part:

The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

Thus, under the APA, the threshold question is whether disputed agency action is committed to agency discretion by law. If so, the review mandated by 5 U.S.C. § 706 does not occur. The defendants assert that the Navy's decision to contract with Morrison–Knudsen Services, Inc., for certain services at the Naval Air Station in Fallon was a decision committed to the discretion of the Navy by law.

Precedent supports the defendants' argument. The Court is aware of only two cases which have addressed the reviewability under the APA of decisions of agencies of the federal government to contract out to private vendors: *American Fed'n of Gov't Employees, Local 2017 v. Brown*, 680 F.2d 722 (11th Cir.1982), *cert. denied*, 459 U.S. 1104, 103 S.Ct. 728, 74 L.Ed.2d 952 (1983), and *Local 2855, AFGE v. United States*, 602 F.2d 574 (3d Cir.1979). In those cases the third and eleventh circuit courts of appeal held that agency decisions to contract with private concerns are committed to agency discretion by law and are

nonreviewable under the APA. Those cases are indistinguishable from the case at bar and their reasoning is persuasive.

The exception to judicial review provided in 5 U.S.C. § 701 for agency action committed to agency discretion by law is narrow and is available "in those rare instances where 'statutes are drawn in such broad terms that in a given case there is no law to apply.'" *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410, 91 S.Ct. 814, 821, 28 L.Ed.2d 136 (1971), *quoting*, S.Rep. No. 752, 79th Cong., 1st Sess. 26 (1945). *See also Coos–Curry Elec. Coop., Inc. v. Jura*, 821 F.2d 1341, 1346 (9th Cir.1987). That is the case here.

The authorities cited by plaintiff as grounds for this action do not provide legal guidelines which render the agency action reviewable. The Navy's decision whether to contract out was one involving questions of judgment. *See Defense Language Inst. v. Federal Labor Relations Auth.*, 767 F.2d 1398, 1401 (9th Cir.1985). The Navy's authority over that decision must not be limited by judicially imposed procedural restrictions not contemplated in the legislation giving the agency its broad authority. Because the agency action attacked by plaintiff is committed to the agency's discretion by law under 5 U.S.C. § 701, plaintiff's position that the defendants erred procedurally under technical agency regulations is not maintainable.

Thus, while this is not a case giving rise to labor relations issues which should be before the Federal Labor Relations Authority, it is a case involving an attack on action which was within the Navy's legal discretion. Under 5 U.S.C. § 701, this Court is without jurisdiction to review the agency action at issue.

The defendants' November 2, 1987, Motion to Dismiss shall be granted on the basis of 5 U.S.C. § 701. The other grounds for that motion asserted by defendants need not be considered. Further, the defendants' November 16, 1987, Motion to Dismiss is rendered moot.

IT IS, THEREFORE, HEREBY ORDERED that the defendants' Motion to

Dismiss (docket # 5), filed November 2, 1987, is *GRANTED.*

IT IS FURTHER ORDERED that the defendants' Motion to Dismiss (docket # 13), filed November 16, 1987, is *MOOT.*

IT IS FURTHER ORDERED that this action is *DISMISSED* for lack of jurisdiction. The Clerk shall enter judgment accordingly.